IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| ARTHUR COPPEDGE, JR. | : | BANKRUPTCY NO.: 5-14-bk-04573-JJT |
| CINDI COPPEDGE | : | |
| DEBTORS | : | |
| ARTHUR COPPEDGE, JR. | : | {**Nature of Proceeding**: Objections to |
| CINDI COPPEDGE, | : | Proofs of Claim Nos. 1, 2, 3, 4, 8, 10, 11, |
| OBJECTORS | : | 14, 15, and 16 (Docs. Nos. 50-59) |
| vs. | : | |
| CACH, LLC | : | CLAIM NOS. 1-4 |
| AMERICAN HONDA FINANCE CORP. | : | CLAIM NO. 8 |
| CAPITAL ONE BANK (USA), NA | : | CLAIM NO. 10 |
| AMERICAN EXPRESS BANK, FSB | : | CLAIM NO. 11 |
| CAVALRY SPV I, LLC | : | CLAIM NOS.: 14, 15, 16 |
| CLAIMANTS | : | |

# **OPINION**[1]

By way of Objection, the Debtors request this Court to disallow Claims numbers 1, 2, 3, 4, 8, 10, 11, 14, 15, and 16, as found on the claims register to the above-captioned case. Each objection, aside from the name of the creditor and the number of the claim, presents boiler-plate language with the same operable objection as follows:

3. Federal Rule of Bankruptcy Procedure 3001(c) provides in pertinent part that when a proof of claim "is based on a writing, the original or a duplicate shall be filed with the proof of claim."
4. [Name of creditor] has failed to set forth any writing, such as a transfer agreement, cardholder agreement, purchase receipts, or account billing statement, that serves as the basis for Proof of Claim . . . .

All of the claims objected to, except for claim number 8, which presents a debt on auto financing, deal with claims based on open-end or revolving, consumer credit agreements. Each

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

of the objections was self-scheduled by the Debtors and the hearing was timely and properly noticed to all claimants. At the time of the hearing, the only participate was counsel for the Debtors. In fact, no claimant filed a response or answer to the objections. Significant also is that the Debtors offered no testimonial or documentary evidence to support the objections at the hearing. Debtors were given an opportunity to file a memorandum of law in support of the objections. Post-hearing date, a response and memorandum of law was filed on behalf of one creditor, namely, American Express Bank, FSB.

The issue discussed during the dialogue with counsel at the hearing and Debtors' subsequent brief addressed whether the claims filed were sufficient to constitute prima facie evidence of the validity and amount of each claim. Federal Rule of Bankruptcy Procedure 3001(f). Debtors' brief discussed each specific claim deficiency in addition to citing some case law to support the position that the claims should fail and not enjoy the prima facie validity evidentiary effect because they did not include sufficient documentary support. The Debtors, addressing the perceived deficiencies of each claim,[2] used boiler-plate language indicating that each claim "fails to provide any writing, such as a transfer agreement, cardholder agreement, purchase receipts, or account billing statement that serves as the basis for the Proof of Claim. As such, Proof of Claim . . . does not comply with the requirements of Fed. R. Bankr. P. 3001(c)."

Debtors' primary argument is that the claimants did not attach adequate documentation to support their claims citing Federal Rule of Bankruptcy Procedure 3001(c). Prior to the current version of Rule 3001(c), that Rule read as follows:

> When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances

---

[2] Debtors' brief also addresses perceived deficiencies for claim number 6, 12, and 17. The Court will not address these claims because a review of the docket indicates that no objections were filed by the Debtors or any other party in interest to those claims.

of the loss or destruction shall be filed with the claim.

The current version of the Rule applicable to the current objections, in pertinent part, reads as follows:

(c) *Supporting Information.*

(1) *Claim Based on a Writing.* Except for a claim governed by paragraph (3) of this subdivision, when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

. . .

(3) *Claim Based on an Open-End or Revolving Consumer Credit Agreement.*
    (A) When a claim is based on an open-end or revolving consumer credit agreement—except one for which a security interest is claimed in the debtor's real property—a statement shall be filed with the proof of claim, including all of the following information that applies to the account:
        (i) the name of the entity from whom the creditor purchased the account;
        (ii) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account;
        (iii) the date of an account holder's last transaction;
        (iv) the date of the last payment on the account; and
        (v) the date on which the account was charged to profit and loss.
    (B) On written request of a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision.

Further explaining the amendment to Rule 3001(c) is the following found in the Advisory Committee Note to the 2012 Amendment to the Rule.

A proof of claim executed and filed in accordance with subparagraph (A), as well as the applicable provisions of subdivisions (a), (b), (c)(2), and (e), constitutes prima facie evidence of the validity and amount of the claim under subdivision (f).

    **To the extent that paragraph (3) applies to a claim, paragraph (1) of subdivision (c) is not applicable**. A party in interest, however, may obtain the writing on which an open-end or revolving consumer credit claim is based by

requesting in writing that documentation from the holder of the claim. The holder of the claim must provide the documentation within 30 days after the request is sent. The court, for cause, may extend or reduce that time period under Rule 9006. (Emphasis ours.)

Reviewing the prima facie evidentiary effect of proofs of claim, I find the following helpful.

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid. *In re Holm*, 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 L. King, *Collier on Bankruptcy* § 502.02, at 502-22 (15th ed. 1991)). In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case. *Id.; see In re Windsor Communications Group, Inc.*, 45 B.R. 770, 773 (Bankr.E.D.Pa.1985). In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *See In re WHET, Inc.*, 33 B.R. 424, 437 (Bankr.D.Mass.1983). The burden of persuasion is always on the claimant. *Holm*, 931 F.2d at 623 (quoting *Collier* § 502.02, at 502-22); *Windsor Communications*, 45 B.R. at 773.

*In re Allegheny International, Inc., et al.*, 954 F.2d 167, 173 (3rd Cir. 1992).

The Court has reviewed each of the claims and has determined that all the claims meet the criteria for open-end or revolving consumer credit agreements as contemplated in Rule 3001(3)(A)(i)-(v), with the exception of claim number 8. In addition, the Court notes that the Debtors presented absolutely no facts intending to defeat the claims by probative force equal to the allegations of the proofs of claim. Furthermore, had the Debtors felt compelled, they could have made a written request to the holder of all the claims based upon open-ended credit agreements and those claimants, within 30 days of the request, would have to make a copy of the writing specified in paragraph 1 of Rule 3001 available to the Debtors. A review of the docket,

the objections, and the memorandum in support do not indicate that the Debtors made such request. It is for these reasons the Court overrules the objections to proofs of claim numbers 1, 2, 3, 4, 10, 11, 14, 15, and 16.

Claim number 8 is a debt based on an automobile finance deficiency. I find that the claim and attached supporting documentation meet the requirements of Federal Rule of Bankruptcy Procedure 3001(c)(1), thus establishing the prima facie validity and amount of the claim under Federal Rule of Bankruptcy Procedure 3001(f). This, coupled with the absence of any testimonial or documentary evidence to support the objection, compels the denial of the objection to claim number 8.

It is for all the foregoing reasons that the Court finds that the claims all constitute prima facie evidence of not only the validity but the amount of the claims and that the Debtors failed to produce evidence at the time of hearing to refute the validity and amount of the claims. Each objection is overruled.

My Order will follow.

By the Court,

*/s/ John J. Thomas*

John J. Thomas, Bankruptcy Judge
(CMS)

Date: April 15, 2016